# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOY J. HERNANDEZ-BUTLER ) | CASE NO.: 1:17-cv-00068 |
| ) | |
| Plaintiff, ) | JUDGE TIMOTHY S. BLACK |
| ) | |
| vs. ) | |
| ) | **AGREED PROTECTIVE ORDER** |
| IKEA U.S. EAST, LLC, et al. ) | |
| ) | |
| Defendant. ) | |

The undersigned parties stipulate, and the Court being sufficiently advised hereby orders, that certain information exchanged during the course of discovery outside the context of open court proceedings in this matter may be protected against unnecessary disclosure as set forth in this Agreed Protective Order ("Order"):

1. Scope of Order. The parties agree that certain documents may be marked as "confidential" and treated as confidential in this action. To the extent a party disputes the classification of documents by another party the parties will adhere to a three-tiered process for resolving discovery disputes. Specifically, prior to filing any motion regarding a discovery dispute, counsel shall first confer in an attempt to resolve the dispute themselves. However, if and only if the parties are unable to resolve the dispute themselves, they must then attempt to resolve the dispute through a telephonic conference with the Judge or the Magistrate Judge pursuant to S.D. Ohio Civ. R. 37.1. Only after the parties have exhausted the first two steps may they file appropriate written motions with the Court.

1

2. Limitations on Use of Confidential Documents. Confidential Documents may be used by or disclosed to the following persons only:

   a. counsel of record for the parties including their office and clerical staff working on this action;

   b. this Court and Court personnel subject to such safeguards as the Court may deem necessary:

   c. client representatives and witnesses for purposes of preparation for depositions and trial;

   d. to non-party witnesses and their counsel only to the extent disclosure is necessary for their testimony in deposition or at trial;

   e. any independent outside consultant or expert engaged by counsel for discovery, trial preparation or trial of this action; and

   f. at trial subject to evidentiary rulings made by the Court.

   g. Confidential Documents may only be used or disclosed to the persons listed above for purposes of this litigation, including depositions and motions. Confidential Documents shall not be used or disclosed for any other purpose whatsoever.

3. Reproduction of Confidential Documents. The parties, their counsel, witnesses, consultants or experts shall not make copies, extracts, or summaries of the documents except when such copies, extracts, or summaries are necessary for this action. If a copy, extract, or summary is created, it should be conspicuously marked as "Confidential" like the original. Parties' counsel shall take reasonable

and appropriate precautions to avoid loss or inadvertent disclosure of information contained in Confidential Documents. This provision does not restrict the Court and its personnel in handling of documents designated as "Confidential."

4. No Restriction on Material Independently Obtained. Nothing in this Order shall be deemed in any way to restrict the use of documents or information which a party lawfully receives from sources other than the Confidential Documents.

5. Filing of Confidential Documents. The parties shall comply with Fed. R. Civ. P. 5.2(a) by redacting the information listed therein. Pursuant to Fed. R. Civ. P. 5.2(d) and S.D. Ohio Civ. R. 5.2.1(a), the parties may not file any additional information under seal except where permitted by statute or with leave of Court. The material so filed shall thereafter be maintained under seal until the Court orders otherwise.

6. Use of Confidential Documents at Trial. The use of Confidential Documents as evidence at trial or hearing in this case shall be subject to such protection as the Court shall determine at that time.

7. No Waiver of Objections. Nothing in this Order shall constitute a waiver of a party's right to object to the production of documents during discovery of this litigation or seek additional protective orders from the Court in connection with any discovery sought by another party in this litigation.

8. Post-Litigation Treatment of Confidential Documents. Upon the completion of this litigation and any appellate proceedings relating to this litigation, all Confidential Documents (including all copies) in the possession of the parties, any consultants,

experts, or witnesses shall be destroyed by shredding if the party originally designating the documents as confidential specifically requests the destruction of the documents. However, counsel of record will not have to destroy and may retain for their files copies of any papers served or filed in this litigation, including portions of any such papers that contain or disclose Confidential Documents, in addition to one copy of all Confidential Documents produced.

9. Continued Effect of This Order. Once the protections pursuant to this Order have attached to a Document, Statement or item of Information previously or hereafter communicated, such protection shall not be reduced or waived by further communicating, restating, summarizing, discussing or referring to any such Documents, Statements or Information.

10. Validity and Enforceability of this Order. This Order shall remain in full force and effect and be enforceable according to its terms regardless of whether this Court shall retain jurisdiction over this action.

**IT IS SO ORDERED.**

Date: 4/10/18

Timothy S. Black
United States District Judge

**We so move/stipulate:**

S/ BENJAMIN T. D. PUGH
---
BENJAMIN T.D. PUGH on behalf of Joy J. Hernandez-Butler
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
28 West Fifth St.
Covington, KY 4101
Tel: (859) 291-5555
Fax: (859) 287-2600
Email: tom@pr1aw.legal
*Attorney for Plaintiff*

**We so move/stipulate:**

SAMUEL G. CASOLARI, JR.
312 Elm Street, Suite 1850
Cincinnati, Ohio 45202
Office Telephone: 513.372.6802
Cell Phone: 513.578.0401
Facsimile: 513.372.6801
Email: sgcasolari@mdwcg.com
*Counsel for Defendant,*
*IKEA U.S. EAST, LLC*